**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Audra Grabda**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Innovative Manufacturing Solutions, Inc.**, an Arizona Corporation, **IMS Acquisition, LLC**, an Arizona Limited Liability Company **Frank Encinas and Jane Doe Encinas**, a Married Couple, and **Frank Encinas Jr. and Jane Doe Encinas II**, a Married Couple, | |
| Defendant. | |

Plaintiff, Audra Grabda ("Plaintiff"), sues the Defendants, Innovative Manufacturing Solutions, Inc., Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

7. At all material times, Plaintiff is an individual residing in Pima County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Innovative Manufacturing Solutions, Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Innovative Manufacturing Solutions, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

9. Defendant Innovative Manufacturing Solutions, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Innovative Manufacturing Solutions, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Innovative Manufacturing Solutions, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Innovative Manufacturing Solutions, Inc. is subject to liability under the FLSA.

11. At all material times, Defendant IMS Acquisition, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all

material times, Defendant IMS Acquisition, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

12. Defendant IMS Acquisition, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. Under the FLSA, Defendant IMS Acquisition, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant IMS Acquisition, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant IMS Acquisition, LLC is subject to liability under the FLSA.

14. Defendant Frank Encinas and Jane Doe Encinas are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Frank Encinas and Jane Doe Encinas are owners of Defendant Innovative Manufacturing Solutions, Inc. IMS Acquisition, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

15. Under the FLSA, Defendants Frank Encinas and Jane Doe Encinas are employers. The FLSA defines "employer" as any individual who acts directly or

indirectly in the interest of an employer in relation to an employee. Frank Encinas and Jane Doe Encinas are the owners of Defendant Innovative Manufacturing Solutions, Inc. and IMS Acquisition, LLC At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Frank Encinas and Jane Doe Encinas are subject to individual liability under the FLSA.

16. Defendant Frank Encinas Jr. and Jane Doe Encinas II are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Frank Encinas Jr. and Jane Doe Encinas II are owners of Defendant Innovative Manufacturing Solutions, Inc. IMS Acquisition, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

17. Under the FLSA, Defendants Frank Encinas Jr. and Jane Doe Encinas II are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Frank Encinas Jr. and Jane Doe Encinas II are the owners of Defendant Innovative Manufacturing Solutions, Inc. IMS Acquisition, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the

interest of Defendants in relation to the company's employees, Frank Encinas Jr. and Jane Doe Encinas II are subject to individual liability under the FLSA.

18. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19. Defendants, and each of them, are sued in both their individual and corporate capacities.

20. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21. At all relevant times, Plaintiff was an "employee" of Innovative Manufacturing, Inc., Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II.

23. At all relevant times, Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

24. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II.

25. At all relevant times, Plaintiff was an "employee" of Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and. Frank Encinas Jr. and Jane Doe Encinas II as defined by the Arizona A.R.S. § 23-350, et seq.

26. At all relevant times, Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encias, and Frank Encinas Jr. and Jane Doe Encinas II were and continue to be "employers" as defined by A.R.S. § 23-350.

27. At all relevant times, Plaintiff was an "employee" of Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II as defined by A.R.S. § 23-362.

28. At all relevant times, Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II were and continue to be "employers" as defined by A.R.S. § 23-362.

29. Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30. Plaintiff, in her work for Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

31. At all relevant times, Plaintiff, in her work for Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II, was engaged in commerce or the production of goods for commerce.

32. At all relevant times, Plaintiff, in her work for Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II, was engaged in interstate commerce.

33. Plaintiff, in her work for Defendants Innovative Manufacturing Solutions, Inc., IMS Acquisition, LLC, Frank Encinas and Jane Doe Encinas, and Frank Encinas Jr. and Jane Doe Encinas II, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

34. Defendants owns and/or operates as Innovative Manufacturing Solutions, an enterprise located in Maricopa County, Arizona.

35. Plaintiff was hired by Defendants as a machine operator and worked for Defendants between approximately March 15, 2019 and April 1, 2019, when Plaintiff left her employment with Defendants.

36. Defendants compensated Plaintiff at a rate of $15 per hour, paid on a weekly basis.

37. During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 55 hours per week.

-8-

38. Despite having worked approximately 55 hours in her final week of work for Defendants, Defendants paid Plaintiff no wages whatsoever for the entire duration of the final week of her employment.

39. As a result of not having paid any wage whatsoever to Plaintiff for the final week of her employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

40. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

41. As a result of not having paid any wage whatsoever to Plaintiff for the final week of her employment with Defendants, Defendants failed to pay the applicable overtime wage rate to Plaintiff for all hours she worked in excess of 40 in a given workweek.

42. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for all hours she worked in excess of 40 during the final week of her employment, Defendants have violated 29 U.S.C. § 207(a).

43. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMWA, A.R.S. § 23-363.

44. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMA, A.R.S., § 23-351.

45. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

46. Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

47. Defendant have and continue to violate the AWA by not paying Plaintiff any wage whatsoever for all hours worked during her regular workweeks.

48. Plaintiff is a covered employee within the meaning of the FLSA.

49. Plaintiff is a covered employee within the meaning of the AMWA.

50. Plaintiff is a covered employee within the meaning of the AWA.

51. Plaintiff was a non-exempt employee.

52. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

53. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

-10-

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, and interest under A.R.S § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during each of the final week of her employment.

59. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Audra Grabda, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

      ii.      Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

61.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.      Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them, including for time Plaintiff spent working in excess of 40 hours, in the final week of her employment.

63.      Defendants' practice of willfully failing or refusing to pay Plaintiff at the required overtime wage rate for hours worked in excess of 40 during the final week of her employment violates the FLSA, 29 U.S.C. § 207(a).

64. Plaintiff is therefore entitled to compensation for the full applicable overtime wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Audra Grabda, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

G. For the Court to declare and find that the Defendant committed one of more of the following acts:

　　i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

　　ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

H. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

I. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

J. For the Court to award prejudgment and post-judgment interest;

K. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

L. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

67. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

68. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Audra Grabda, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

-14-

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT FOUR: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

69.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.    Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

71.    Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

72.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Audra Grabda, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action;

E. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 16th Day of March, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*