**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audra Grabda,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>IMS Acquisition LLC, et al.,<br><br>　　　　　Defendants. | No. CV-20-00117-TUC-MSA<br><br>**ORDER** |

Pending before the Court is Plaintiff Audra Grabda's motion for entry of default judgment against Defendants IMS Acquisition, LLC, Frank Encinas, and Jane Doe Encinas. (Doc. 20.) For the following reasons, the motion will be granted.[1]

## Background

Plaintiff Audra Grabda initiated this lawsuit on March 16, 2020. (Doc. 1.) She alleges that Defendant IMS Acquisition, LLC and its owners, Defendants Frank Encinas and Jane Doe Encinas, failed to pay her for all hours worked and failed to pay overtime wages. (*Id.* ¶¶ 38–39, 41.) Plaintiff asserts claims for minimum-wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207; a claim for failure to pay the minimum wage under the Arizona Minimum Wage Act ("AMWA"), Ariz. Rev. Stat. § 23–363; and a claim for failure to make timely wage payments under the Arizona Wage Act ("AWA"), Ariz. Rev. Stat. § 23-351. (*Id.* ¶¶ 57–72.) Service was executed upon Defendant IMS Acquisition, LLC on May 6, 2020, and upon Defendants

---

[1] This Order has been prepared pursuant to General Order 18-20.

Frank Encinas and Jane Doe Encinas on April 29, 2020. (Docs. 10, 11, 12.)

None of the Defendants have responded to the complaint. On June 23, 2020, Plaintiff requested entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 18.) Default was entered the following day. (Doc. 19.) On August 6, 2020, Plaintiff filed the currently pending motion for default judgment. (Doc. 20.)

**Discussion**

**I.     Jurisdiction**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has federal-question jurisdiction over Plaintiff's FLSA claims. 28 U.S.C. § 1331. It has supplemental jurisdiction over Plaintiff's state-law claims because these claims "are so related to" Plaintiff's FLSA claims that they "form part of the same case or controversy." *Id.* § 1367(a).

The Court also has personal jurisdiction over the parties. Defendant IMS Acquisition, LLC is an Arizona limited liability company that is licensed to do business in Arizona. (Doc. 1, ¶¶ 11–12). Defendants Frank Encinas and Jane Doe Encinas (Frank's spouse) own Defendant IMS Acquisition, LLC and conducted business in Arizona. (*Id.* ¶¶ 14–15.) This case concerns Defendants' alleged failure to comply with Arizona employment statutes while conducting business in Arizona. (*Id.* ¶¶ 34–47.) Service was properly executed on each Defendant. (*See* Docs. 10, 11, 12.)

**II.    Default Judgment**

   **A.     Appropriateness of Default Judgment**

"As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). However, courts have discretion to enter a default judgment against a party who is in default for failing to appear. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (per curiam). Factors relevant to whether a

default judgment should be granted include:
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted).  In considering these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam) (citations omitted).

The first, fifth, and sixth factors favor the entry of a default judgment.  Despite being served with the complaint, the application for entry of default, and the motion for entry of default judgment, Defendants have failed to respond.  This indicates that Defendants have chosen to not defend this lawsuit, and that their defaults did not result from excusable neglect.  Additionally, their failure to respond creates the possibility of prejudice to Plaintiff because, if a default judgment is denied, Plaintiff "will likely be without other recourse for recovery."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Finally, the possibility of a dispute over material facts is negligible.  As explained below, Plaintiff alleges sufficient facts in support of her claims.  If there were a genuine dispute regarding the veracity of these allegations, "it is likely that Defendants would have raised such a dispute in response to this action."  *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019).

The second and third factors also favor the entry of a default judgment.  To succeed on Count One, Plaintiff must prove that (a) she was engaged in commerce or in the production of goods for commerce, and that (b) Defendants failed to pay her the federal minimum wage.  29 U.S.C. § 206(a).  To succeed on Count Two, Plaintiff must prove that (a) she was engaged in commerce or in the production of goods for commerce, and that (b) Defendants failed to pay her an overtime wage.  *Id.* § 207(a)(1).  Here, Plaintiff alleges that, as a machinist for Defendants, she was engaged in commerce or in the production of

goods for commerce. (Doc. 1, ¶¶ 31, 35.) She also alleges that she worked a 55-hour workweek in late March 2019 and was not paid the minimum wage or an overtime wage by Defendants. (*Id.* ¶¶ 38–39, 41.) These allegations, taken as true, are sufficient to make out a claim for violation of the FLSA's minimum-wage and overtime provisions.

To succeed on Count Three, Plaintiff must prove that Defendants did not pay her the minimum wage as required under the AMWA. Ariz. Rev. Stat. § 23-363(A). To succeed on Count Four, Plaintiff must prove that Defendants did not timely pay all wages due as required under the AWA. *Id.* § 23–351(A), (C). Here, Plaintiff alleges that she was not paid any wage, let alone the minimum wage, for the 55 hours she worked during her last workweek. (Doc. 1, ¶¶ 38–39.) This allegation, taken as true, is sufficient to make out a claim for violation of the AMWA and AWA.

The fourth factor, the sum of money at stake, also favors the entry of a default judgment. Under this factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. The amount of damages sought, less than $3,000, is not so large or excessive as to weigh against the entry of a default judgment. Furthermore, Plaintiff is seeking statutory damages which are "tailored to the specific misconduct" of Defendants. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (quoting *Bd. of Trs. v. Core Concrete Constr., Inc.*, No. C 11–02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012)).

The foregoing factors heavily outweigh the policy of resolving cases on the merits. Moreover, given that Defendants have not responded to the complaint, a merits determination appears unlikely. As such, a default judgment is appropriate.

**B.     Damages**

A plaintiff who is seeking a default judgment may not rely upon the complaint's allegations to establish damages; instead, she must submit evidence proving her damages. *Geddes*, 559 F.2d at 560. Here, Plaintiff has submitted a sworn declaration. (Doc. 20-1.) She asserts that she worked 55 hours in her final week of employment with Defendants, and that Defendants have not compensated her for that time with her normal wage of $15.00

per hour and an overtime wage of $22.50 per hour. (*Id.* ¶¶ 7–8.) Based on these figures, she calculates that she is owed $937.50 in base wages ($600 for 40 hours of work at $15.00 per hour, plus $337.50 for 15 hours of overtime work at $22.50 per hour). (*Id.* ¶¶ 9–10.) Additionally, she points out that she is entitled to double damages under the FLSA, 29 U.S.C. § 216(b), and to treble damages under the AMWA and AWA, Ariz. Rev. Stat. §§ 23-355(A), 23-364(G). (*Id.* ¶ 11.) Using the higher treble-damages penalty, Plaintiff calculates her total damages to be $2,812.50. (*Id.* ¶¶ 12–13.)

The Court has considered Plaintiff's declaration and finds that it accurately calculates Plaintiff's damages. The Court further finds that the declaration is adequate proof of Plaintiff's damages. *See Yelp Inc.*, 70 F. Supp. 3d at 1100–01 ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit." (citing *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005))). Therefore,

**IT IS ORDERED** that Plaintiff Audra Grabda's motion for entry of default judgment (Doc. 20) is **granted**.

**IT IS FURTHER ORDERED** that Defendants IMS Acquisition, LLC, Frank Encinas, and Jane Doe Encinas shall be jointly and severally liable to Plaintiff for damages in the amount of $2,812.50. The Clerk of Court shall enter a default judgment in favor of Plaintiff accordingly.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case.

Dated this 15th day of September, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge