**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audra Grabda, | No. CV-20-00117-TUC-MSA |
| Plaintiff, | **ORDER** |
| v. | |
| IMS Acquisition LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Audra Grabda's motion for attorney's fees. (Doc. 26.) Despite being served with a copy of Plaintiff's motion, Defendants IMS Acquisition, LLC, Frank Encinas, and Jane Doe Encinas have not responded, and the time for doing so has expired. For the following reasons, the motion will be granted in part.

**I.    Background**

Plaintiff initiated this lawsuit on March 16, 2020, seeking damages for violations of the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act. (Doc. 1.) Defendants were properly served but did not answer, so on June 24, 2020, the Clerk of Court entered their default. (Docs. 10, 11, 12, 19.) The Court granted Plaintiff's motion for a default judgment on September 16, 2020, and the Clerk of Court entered judgment the same day. (Docs. 24, 25.)

**II.    Discussion**

The FLSA and AMWA each provide that a prevailing plaintiff "shall" be awarded reasonable attorney's fees. 29 U.S.C. § 216(b); Ariz. Rev. Stat. § 23-364(G). Here,

Plaintiff is the prevailing party because she obtained all requested relief. The issue, then, is whether the requested fee is reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This figure, called the "lodestar," is presumptively reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). The lodestar may be reduced or enhanced only in "rare circumstances." *Id.* at 554.

Plaintiff seeks an hourly rate of $395, her attorney's normal rate for employment cases. "Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The prevailing market rates for FLSA cases were recently summarized by a court in this district. *Julian v. Swift Transp. Co.*, No. CV-16-00576-PHX-ROS, 2020 WL 6063293, at *4 (D. Ariz. Oct. 14, 2020) (citing recent cases and discussing the State Bar of Arizona's 2019 Economics of Law Practice report). According to the *Julian* court, attorneys with six to seven years of experience have recently been awarded $325 per hour, and the average hourly rate for an Arizona attorney with five to nine years of experience is $288. *Id.* Notably, Plaintiff's attorney was counsel of record in one of the cases cited in *Julian*. *See Outland v. Ariz. Movers & Storage*, No. CV-18-01370-PHX-RCC, 2019 WL 2269423, at *1 (D. Ariz. May 28, 2019) (granting Plaintiff's attorney a rate of $325 per hour); *see also Thompson v. Ariz. Movers & Storage Inc.*, No. CV-17-03819-PHX-DGC, 2018 WL 2416187, at *2 (D. Ariz. May 29, 2018) (granting Plaintiff's attorney a rate of $300 per hour); *Chapman v. Prescott Station Inc.*, No. CV-19-08208-PCT-DJH, 2019 WL 5103109, at *2 (D. Ariz. Oct. 11, 2019) (granting a reduced rate of $312.50 per hour to a partner at Plaintiff's attorney's law firm). In line with these authorities, the Court finds that $395 per hour is excessive, and that $325 per hour is a reasonable hourly rate for FLSA and other wage-dispute litigation.[1]

---

[1] The Court is cognizant that Plaintiff's attorney was recently awarded attorney's fees at $395 per hour. (Docs. 20, 21, *Steven Grabda v. IMS Acquisition, LLC*, No. CV-20-

Plaintiff seeks fees for 7.8 hours of work on her case. "The district court . . . should exclude from [the lodestar] hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (citation omitted). This may include time spent on "excessive, redundant, or otherwise unnecessary" tasks. *Id.* Here, the record shows that Plaintiff's counsel reasonably expended 7.5 hours (a .3 reduction) on Plaintiff's case. Plaintiff was required to file a motion to withdraw an earlier filing because the filing used an incorrect case caption. (*See* Doc. 13.) The time spent correcting this mistake will be deducted from the lodestar calculation.

Based on an hourly rate of $325 and 7.5 hours of work, the lodestar in this case is $2,437.50. The next step is to "determine[] whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). The relevant factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). "[M]ost, if not all," of these factors are subsumed in the lodestar. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986); *see Perdue*, 559 U.S. at 553 (explaining that the "novelty and complexity of a case" will be reflected in the hours expended, and that factors relating to the "quality of an attorney's performance" will be reflected in the hourly rate). In addition, the Supreme Court has called into question the continued relevance of factors six and ten. *See Dague*, 505 U.S. at 562–67.

---

00112-JR (D. Ariz. 2020).) However, that order was entered summarily without discussion of the prevailing market rates.

Here, there are no "rare circumstances" warranting an upward or downward modification. *Perdue*, 559 U.S. at 554. Plaintiff's attorney ably represented Plaintiff in a straightforward wage dispute and quickly obtained a default judgment. On these facts, the lodestar constitutes a reasonable attorney's fee.

Plaintiff also seeks $789.80 for out-of-pocket expenses. These include the filing fee for the complaint ($400) and the cost of hiring a process server ($389.80). These are taxable costs under Local Rule of Civil Procedure 54.1(e)(1). To obtain taxable costs, Plaintiff was required to file a bill of costs within 14 days of the entry of final judgment, using a form provided by the Clerk of Court. LRCiv. 54.1(a). More than 14 days have passed, and Plaintiff has not filed a bill of costs. Plaintiff therefore will not recover these expenses.

**IT IS ORDERED** that Plaintiff Audra Grabda's motion for attorney's fees (Doc. 26) is **granted in part**. Plaintiff is awarded $2,437.50 in attorney's fees. Defendants IMS Acquisition, LLC, Frank Encinas, and Jane Doe Encinas are jointly and severally liable for payment of the fees.

Dated this 12th day of November, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge